IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| ERNEST HENDERSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL ACTION NO. 4:16-CV-32 (MTT) |
| CLAY D. LAND, *United States Chief District Judge for the Middle District of Georgia*, | ) ) ) ) ) |
| Defendant. | ) ) |

## ORDER

Plaintiff Ernest Henderson has filed a "motion to stay away" (Doc. 5), which the Court construes as a motion for recusal, and a motion to proceed in forma pauperis (Doc. 2).

**I.     Motion for Recusal**

The Plaintiff asks that all of the judges within the Middle District of Georgia be recused, including the undersigned. (Doc. 5). Recusal is governed by two federal statutes: 28 U.S.C. §§ 144 and 455. Pursuant to 28 U.S.C. § 144, the moving party must file an affidavit stating the undersigned has a personal bias or prejudice against the plaintiff or defendant, and the affidavit must provide facts and reasons for the belief that bias or prejudice exists. To warrant recusal, "the moving party must allege facts that would convince a reasonable person that bias actually exists." *Christo v. Padgett*, 223 F.3d 1324, 1333 (11th Cir. 2000) (per curiam). Here, the Plaintiff did not file an affidavit. "The statute's requirements are strictly enforced, and even *pro se* litigants are not excused from this simply because they are proceeding without counsel." *Restivo v.*

*Bank of America, N.A.*, 2016 WL 498178, at *2 (M.D. Ga.).  Therefore, by failing to comply with the procedural requirements, the Plaintiff is not entitled to relief pursuant to § 144.

Pursuant to 28 U.S.C. § 455(a), "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  This is an objective standard, and the Court is required to ask "whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality."  *United States v. Patti*, 337 F.3d 1317, 1321 (11th Cir. 2003) (internal quotation marks and citation omitted).  It is well-settled in the Eleventh Circuit "that the allegation of bias must show that the bias is personal as distinguished from judicial in nature." *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) (internal quotation marks and citations omitted).  The Plaintiff's motion does not provide any evidence of a personal, non-judicial bias.  Therefore, recusal is not warranted pursuant to § 455(a).

Pursuant to § 455(b), there are specific circumstances in which recusal is mandatory.  *See* 28 U.S.C. § 455(b).  The Plaintiff has failed to provide any allegations implicating any provision under § 455(b).  Therefore, recusal is not warranted.  The Plaintiff's motion to recuse the undersigned is **DENIED**.  (Doc. 5).

II.     **Motion to Proceed In Forma Pauperis**

The Plaintiff has filed a financial affidavit in support of his motion to proceed in forma pauperis.  (Doc. 2).  Pursuant to 28 U.S.C. § 1915(a), a district court must determine whether the statements contained in a financial affidavit satisfy the

requirement of poverty. *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004). "Such an affidavit will be held sufficient if it represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Id*. Based on the Plaintiff's application, the Court is satisfied that the Plaintiff is unable to pay the costs and fees associated with this lawsuit. Accordingly, the Plaintiff's motion is **GRANTED**.

Because the Plaintiff is proceeding in forma pauperis, the Court is required to dismiss the case if it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pursuant to 42 U.S.C. § 1983, the Plaintiff filed this action asserting Judge Land violated the Fifth, Eighth, and Fourteenth Amendments. (Doc. 1). Specifically, the Plaintiff alleges Judge Land violated these constitutional provisions because he "did not respond [to the Plaintiff's letter] or seek plaintiff for assistance with harassment being presented to plaintiff by Columbus Consolidated Government law enforcement community," and thus, Judge Land "was involve[d] in the all out conspiracy against [the Plaintiff]." (*Id.* at 2, 5). The Plaintiff also alleges that Judge Land "performed this act of violence clearly outside of his judicial jurisdiction …." (*Id.* at 6).

Judges are entitled to absolute immunity from damages for acts taken in their judicial capacity, unless they acted in the "clear absence of all jurisdiction." *Stump v. Sparkman,* 435 U.S. 349, 356–57 (1978); *Simmons v. Conger*, 86F.3d 1080, 1084–85 (11th Cir. 1996). Exercising discretion not to respond a letter addressed to him as a federal judge regarding the alleged harassment from law enforcement is clearly a

- 4 -

judicial act.  Because Judge Land was acting within his judicial capacity, he has absolute immunity from liability as to this claim.  Accordingly, the Plaintiff's complaint is **DISMISSED** as frivolous.[1]

    **SO ORDERED**, this 15th day of April, 2016.

                                        S/ Marc T. Treadwell
                                        MARC T. TREADWELL
                                        UNITED STATES DISTRICT COURT

---

[1] The Plaintiff has also filed a motion to compel.  (Doc. 4).  That motion is **DENIED as moot**.